`2013 JAN 31 PM 12: 45`

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

December 2012 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ALBERTO ROMERO, <br>    aka Beto, <br>    aka Pepe, <br> Defendant. | Case No. **'13 CR 0 4 0 3 DMS** <br><br> I N D I C T M E N T <br><br> Title 18, U.S.C., Sec. 371 - Conspiracy; Title 8, U.S.C., Sec. 1324(a)(2)(B)(ii) - Bringing in Illegal Aliens for Financial Gain; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 8, U.S.C., Sec. 1324(b), Title 18, U.S.C., Sec. 982(a)(6), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |

The grand jury charges:

### Count 1

Beginning on or about December 2011 and continuing up to and including May 15, 2012, within the Southern District of California, and elsewhere, defendant ALBERTO ROMERO, with the intent to violate the immigration laws of the United States, did knowingly and intentionally conspire with Juan Jose Rodriguez, charged elsewhere, and other persons known and unknown to the grand jury, to bring illegal aliens into the United States for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii).

ADBL:nlv(1):San Diego
1/30/13

## OVERT ACTS

In furtherance of said conspiracy and to accomplish the objects thereof, the following overt acts, among others, were committed by the conspirators within the Southern District of California and elsewhere:

1. On or about January 17, 2012, Juan Jose Rodriguez, charged elsewhere, traveled to Tijuana, Baja California, Mexico, and met with Maria Del Carmen Torres Vasquez, Rosalinda Suarez-Torres, and Ramiro Bravo-Botello.

2. During the course of the meetings between Juan Jose Rodriguez and Maria Del Carmen Torres Vasquez, Rosalinda Suarez-Torres, and Ramiro Bravo-Botello, Juan Jose Rodriguez obtained their photographs in order to create counterfeit entry documents and negotiated a smuggling fee of $2500.00 per undocumented alien.

3. On or about January 18, 2012, defendant ALBERTO ROMERO and Juan Jose Rodriguez traveled to the WalMart store in Calexico, California and purchased red shirts to be worn by undocumented aliens during the undocumented aliens illegal entry into the United States.

4. On or about January 18, 2012, Maria Del Carmen Torres Vasquez, Rosalinda Suarez-Torres, and Ramiro Bravo-Botello, traveled to Mexicali, Baja California, Mexico, at the direction of Juan Jose Rodriguez.

5. On or about January 19, 2012, defendant ALBERTO ROMERO and Juan Jose Rodriguez traveled to Mexicali, Baja California, Mexico, for the purpose of facilitating the illegal entry of Maria Del Carmen Torres Vasquez, Rosalinda Suarez-Torres, and Ramiro Bravo-Botello, and three other undocumented aliens.

6. On or about January 19, 2012, Juan Jose Rodriguez provided counterfeit entry documents to Maria Del Carmen Torres Vasquez, Rosalinda Suarez-Torres, and Ramiro Bravo-Botello, and directed them to cross into the United States via the pedestrian lanes at the Calexico, California, West Port of Entry.

7. On or about January 19, 2012, defendant ALBERTO ROMERO transported Maria Del Carmen Torres Vasquez, Rosalinda Suarez-Torres, and Ramiro Bravo-Botello, and three additional undocumented aliens to a motel in El Centro, California.

8. On or about January 19, 2012, Juan Jose Rodriguez contacted Lino Rodriguez, charged elsewhere, and made arrangements with Lino Rodriguez to provide air transportation for undocumented aliens from the Imperial County Airport to Los Angeles.

9. On or about January 20, 2012, defendant ALBERTO ROMERO and Juan Jose Rodriguez transported Maria Del Carmen Torres Vasquez, Rosalinda Suarez-Torres, and Ramiro Bravo-Botello to the Imperial County Airport.

10. During the week preceding May 15, 2012, Andres Rodriguez-Rodriguez met with Juan Jose Rodriguez for the purpose of making arrangements to be smuggled into the United States.

11. During the meeting, Juan Jose Rodriguez told Andres Rodriguez-Rodriguez that Andres Rodriguez-Rodriguez must pay him $1500.00 in advance of being smuggled into the United States, in addition to the $7000.00 to be paid after being smuggled into the United States, because Juan Jose Rodriguez was going to provide him with a high-quality counterfeit document.

12. On or about May 14, 2012, Andres Rodriguez-Rodriguez traveled to Mexicali, Baja California, Mexico, in accordance with the instructions provided by Juan Jose Rodriguez.

13. On or about May 15, 2012, defendant ALBERTO ROMERO guided Andres Rodriguez-Rodriguez through the pedestrian lanes at the Calexico, California, West Port of Entry, after his daughter, Maria Romero, provided Andres Rodriguez-Rodriguez with a counterfeit entry document.

14. On or about May 15, 2012, defendant ALBERTO ROMERO transported Andres Rodriguez-Rodriguez to his residence.

15. On or about May 15, 2012, defendant ALBERTO ROMERO maintained at his residence located at 1948 Adams Court, Calexico, California, items used to create

counterfeit documents to include: passport photos, laptop computers, photocopies of Mexican identification documents, a counterfeit United States Permanent Resident card, a counterfeit Utah driver license, California Department of Motor Vehicles license receipt bearing the name Juan Jose Rodriguez and a counterfeit photograph, ultraviolet ink, laminating sleeves, laminating machines and a United States passport ultraviolet detail template. All in violation of Title 18, United States Code, Section 371.

### Count 2

On or about January 19, 2012, within the Southern District of California, defendant ALBERTO ROMERO, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Ramiro Bravo-Botello, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

### Count 3

On or about January 19, 2012, within the Southern District of California, defendant ALBERTO ROMERO, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien,

namely, Maria Del Carmen Torres-Vasquez, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

### Count 4

On or about January 19, 2012, within the Southern District of California, defendant ALBERTO ROMERO, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Rosalina Suarez-Torres, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

### Count 5

On or about May 15, 2012, within the Southern District of California, defendants ALBERTO ROMERO, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Andres Rodriguez-Rodriguez, had not received prior official authorization to come to, enter and reside in the United States, did attempt to bring to the United States said alien for the purpose of commercial advantage and

1  private financial gain; in violation of Title 8,
2  United States Code, Section 1324(a)(2)(B)(ii), and Title 18,
3  United States Code, Section 2.

## FORFEITURE ALLEGATIONS

The allegations contained in Counts 1 through 5 are re-alleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 8, United States Code, Section 1324(b), Title 18, United States Code, Section 982(a)(6), and Title 28, United States Code, Section 2461(c).

As a result of the commission of the felony offenses alleged in Counts 1 through 5 of this Indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 8, United States Code, Section 1324(b), Title 18, United States Code, Section 982(a)(6), and Title 28, United States Code, Section 2461(c) defendant ALBERTO ROMERO shall, upon conviction, forfeit to the United States all his rights, title and interest in the following: a) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the defendants are charged; b) any property real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the defendants are charged; c) any property real or personal, that is used to facilitate, and is intended to be used to facilitate, the commission of the offenses of

which the defendants are charged, including but not limited to:

    a. a 1997 Ford Mustang, California license plate number 3XEB193, registered to Juan Jose Rodriguez;

    b. a 2000 Buick Century, California license plate number DPW8744, registered to Alberto Romero;

    c. counterfeit document making supplies seized from 1948 Adams Court, Calexico, California, including 8 printers, 3 scanners, one copy machine, one card scanner;

    d. nineteen mobile telephones seized from 1948 Adams Court, Calexico, California;

    e. two desktop computers seized from 1948 Adams Court, Calexico, California;

    f. one HP desktop computer seized from 1948 Adams Court, Calexico, California;

    g. $2,703.00 U.S. currency seized from Juan Jose Rodriguez;

    h. $111.00 U.S. currency seized from the 1997 Ford Mustang, California license plate number 3XEB193, registered to Juan Jose Rodriguez:

    If any of the above-described forfeitable property, as a result of any act or omission of the defendants;

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

//
//

...
...

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

All pursuant to Title 8, United States Code, Section 1324(b), Title 18, United States Code, Section 982(a)(6), and Title 28, United States Code, Section 2461(c).

DATED: January 31, 2013.

A TRUE BILL:

_____
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
A. DALE BLANKENSHIP
Assistant U.S. Attorney